## PEOPLE'S TRUST CO. v. GOMOLKA et al.

(Supreme Court, Appellate Division, Second Department.   November 27, 1908.)

1. MORTGAGES (§ 434*)—FORECLOSURE—PARTIES.

Where a mortgagor claimed that, after assignment of the mortgage and without notice thereof, he made payments to the mortgagee, such mortgagee was a proper party to an action of foreclosure brought by the assignee, the mortgagee being liable for such payments, and the matters being germane to the foreclosure.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1279; Dec. Dig. § 434.*]

2. PARTIES (§ 25*)—EQUITABLE ACTIONS—PROPER PARTIES.

In equity it is not necessary that all parties defendant be necessary parties as in actions at law, but it suffices that they are proper parties.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 25.*]

3. MORTGAGES (§ 434*)—FORECLOSURE—PARTIES.

A complaint in foreclosure alleging that each of defendants has or claims some lien or interest which, if it exists, accrued subsequent to the mortgage and is subordinate thereto, is enough to make a defendant a proper party.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1279; Dec. Dig. § 434.*]

Rich, J., dissenting.

Appeal from Special Term.

Action by the People's Trust Company against Joseph Gomolka and others.   From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals.   Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

T. Ellett Hodgskin, for appellant.
Robert H. Wilson, for respondents.

GAYNOR, J. The real estate mortgage which the plaintiff is foreclosing by this suit was assigned to it with the bond by the defendant the Long Island Real Estate Exchange & Investment Company, the mortgagee therein, who is the demurrant. The complaint alleges that the defendant mortgagor claims that after such assignment to the plaintiff, and without notice or knowledge thereof, he made certain interest payments on the said bond and mortgage to the said mortgagee, and prays that the amount thereof may be ascertained, and that it be adjudged that the said mortgagee (or its receiver, he being made a party) pay the same to the plaintiff. This is manifestly all germane to the foreclosure of the mortgage. The mortgagor is entitled to be credited by the plaintiff with all interest payments so made by him to the said mortgagee after it assigned the bond and mortgage to the plaintiff. The amount of such payments must be ascertained, and the said mortgagee is a proper party to that inquiry, and therefore a proper party to this suit. The case of Reynolds v. Ætna Life Insurance Co., 28 App. Div. 591, 51 N. Y. Supp. 446, is similar to the present one.

The right to demur is quite different in equity to what it is in a common law action. In equity it is not necessary that all parties defendant be necessary parties, as in an action at law; it suffices that they are proper parties. A cause of action has to be alleged against the main defendant or he may demur, but one brought in merely as a proper party is in a very different position. He may be made a party only because he has some claim or controversy which is germane to the main issue. And if the controversy cannot be completely decided without bringing in another party, the trial court may suspend the trial until he be brought in. Code Civ. Proc. § 452.

It seems to have been overlooked also that this complaint contains the usual allegation that each of the defendants has or claims to have some lien or interest which, if it exists, accrued subsequent to the mortgage and is subordinate thereto, and which is enough to make a defendant a proper party.

The judgment should be reversed.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs. All concur, except RICH, J., who dissents.